IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN KINNEY, | § | |
| Plaintiff, | § § § | |
| V. | § | CIVIL ACTION NO. H-17-1724 |
| SPECIALIZED LOAN SERVICING, LLC, | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending in this case in which the parties have consented to proceed before the undersigned Magistrate Judge is Defendant's Motion for Final Summary Judgment (Document No. 8). Having considered the motion and supporting summary judgment evidence, Plaintiff's response, the claims alleged in Plaintiff's live pleading, and the applicable law, the Court ORDERS, for the reasons set forth below, that Defendant's Motion for Final Summary Judgment (Document No. 8) is GRANTED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

### I. Background

This is a foreclosure case, which was filed by Plaintiff John Kinney in state court on May 1, 2017, to stave off foreclosure on the residence located at 1018 Vista Del Lago Drive, Huffman, Texas 77336 (hereafter referred to as "the Property"). In the state court pleading, Kinney alleged that the scheduled foreclosure sale was improper because Defendant did not provide him with information about his right to reinstate the loan that was in default, and because Defendant never sent him a Notice of Acceleration. Based on those alleged deficiencies in the foreclosure process, Kinney

asserted a claim for declaratory relief, and to remove cloud/quiet title.

Defendant Specialized Loan Servicing, LLC timely removed the case to this Court on the basis of diversity jurisdiction and filed an early Motion for Final Summary Judgment. In that motion, SLS maintains, and has submitted summary judgment evidence that shows, that it did advise Plaintiff of his right and ability to reinstate the loan by bringing his payments current, and did send Plaintiff a Notice of Acceleration. Despite that evidence, Kinney argues in response to the Motion for Summary Judgment, that while notices of *intent* to accelerate the were sent, there is no notice of acceleration. That argument, given the Notice of Acceleration dated October 21, 2016, <u>which is attached to Defendant's Motion for Summary Judgment as Exhibit 2-A (Document No. 8-11), and which was sent to Kinney at the Property address</u>, is completely refuted by the record.

## II.   Summary Judgment Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party must initially "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986). Once the moving party meets its burden, the burden shifts to the nonmovant, "who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists" and that summary judgment should not be granted. *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions

that a fact issue exists will not suffice. *Celotex*, 106 S. Ct. at 2548. Instead, "the nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris*, 144 F.3d at 380.

## III. Discussion

Kinney has asserted a claim for declaratory judgment and to remove cloud/quiet title to the Property. Given the summary judgment evidence, which does not raise a genuine issue of material fact as to whether Kinney was informed of his reinstatement rights or whether he was provided with a Notice of Acceleration, summary judgment is warranted on both of Kinney's claims.

"A suit to clear or quiet title-also known as suit to remove cloud from title-relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). The cause of action, which is an equitable one under Texas law, "exists 'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (quoting *Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (1886)). The elements of a quiet title claim include: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *U.S. Nat. Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *7 (Tex. App.—Houston [1st Dist.] 2011, no pet.). At its most basic, however, "the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief." *Id.* A plaintiff can only recover on a quiet title claim by establishing the strength of his own title; attacking the weakness of the defendant's title will not

suffice. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.) ("A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not on the weakness of his adversary's title.").

Here, the summary judgment evidence shows that Kinney is in default on the Note, which is secured by a Deed of Trust on the Property, that he was sent several notices of intent to accelerate, titled "Acceleration Warnings, which advised Kinney of the amounts that were due, his ability to cure the default, and the possibility of reinstatement. (Document No. 8-4 (dated January 27, 2015); Document No. 8-6 (dated May 27, 2015); and Document No. 8-8 (dated January 26, 2016), and that he was sent, at the Property address, a Notice of Acceleration dated October 21, 2016 (Document No. 8-11), which unequivocally stated, "This letter is formal notice to you that your Indebtedness has been accelerated." Given that summary judgment evidence, particularly that which shows that Kinney was sent a Notice of Acceleration prior to the foreclosure proceedings, Kinney cannot show, for purposes of a suit to remove cloud and/or quiet title, that he has a superior interest in the Property than Defendant. In addition, that Notice of Acceleration, along with the precursor Acceleration Warnings, which advised Kinney of his right to reinstatement, also defeat any claim of declaratory relief Kinney seeks in this case. All said, the summary judgment evidence, uncontroverted by Kinney, shows that Kinney received all the pre-foreclosure notices that he was due. Defendant is, therefore, entitled to summary judgment on both of Kinney's claims.

## IV. Conclusion and Order

Based on the foregoing and the conclusion the uncontroverted summary judgment evidence defeats Plaintiff John Kinney's claims, it is

4

ORDERED that Defendant Specialized Loan Servicing, LLC's Motion for Final Summary Judgment (Document No. 8) be GRANTED and that Plaintiff John Kinney's claims be DISMISSED WITH PREJUDICE.

Signed at Houston, Texas, this 7th day of December, 2017.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE